## HANSON v. HILES.

Boats and rafts: LABORER'S LIEN. The owner of a lumber raft contracted with a third party to the effect, that the latter would run the raft to a point named on the Mississippi river, and bear all the expenses thereof for a certain sum per thousand feet of the lumber. The contractor also acted as pilot of the raft. *Held*, that the raft was liable, under section 3698 of the Revision, for the wages of a hand employed thereon by the contractor.

*Appeal from Dubuque Circuit Court.*

THURSDAY, JULY 25.

ACTION to recover the value of services rendered in assisting to run a raft from Dexterville to Dubuque, under a contract with one Joseph Sylvester, the alleged pilot, and

for the establishment of a *lien* therefor against the raft. Answer in denial. The cause was tried by the court, and the following finding of facts was submitted. " That the plaintiff was engaged .in assisting the running of a raft owned by George Hiles, from Dexterville in Wisconsin, to Dubuque in Iowa, and that he fully performed his contract; that there was due him for wages at the commencement of this action the sum of $30, that Hiles entered into a written contract with one Sylvester, to take the raft from Dexterville to Dubuque at so much per thousand feet, he, Sylvester, to act as pilot, and bear all expenses for men and materials; that said contract was in the presence of the men employed before the raft left Dexterville.

That, when by the river, the raft arrived at a point one hundred miles from the starting point, some one of the men inquired of the owner, if he thought there would be money enough to pay all the men. Hiles replied that he did not know, but that he would not be responsible for their pay. There is no evidence that this plaintiff heard the statement of Hiles. Sylvester acted as pilot and employed the plaintiff. Hiles sent with the raft a person who acted as clerk and who purchased supplies for the raft, and paid for the same with money furnished by Hiles, and charged the same to Sylvester. On arriving at Dubuque, the clerk. on ascertaining that the money was insufficient to pay the expenses of the raft and the wages of the men, made a *pro rata* division of the amount among the men, and this proceeding was commenced to collect the balance against the raft."

The court entered judgment for plaintiff for $30.30, and costs. Defendant appeals.

*E. McCeeney* for the appellant.

*Adams & Robinson* for the appellee.

DAY, J.—I. Appellant insists that the facts found do not warrant the judgment of the court, holding the raft liable for the service rendered by plaintiff.

Section 3698 of the Revision provides as follows : "Any raft found in the waters of this State shall be liable for all debts contracted by the owner, agent, clerk or pilot thereof, on account of work done or services rendered for such raft."

From the facts found, it appears that Sylvester was employed to act as pilot of the raft. In addition to acting as pilot, he had a contract with the owner, that he was to bear all the expenses for men and materials in running the raft, and was to be paid by the thousand feet. Sylvester employed plaintiff, and he performed service for the raft. Sylvester did not cease to be the pilot of the raft, because of the additional contract which he made with plaintiff; nor did such contract, in our opinion, deprive those rendering service for the raft, under a contract with the pilot, of their right to a *lien* thereon. True, the owner may thus become liable for more than his contract with Sylvester, but for this, he has a right of action upon his contract.

The wise purposes of the statute would be easily defeated, if the laborers' *lien* could be divested by such an agreement as was made in this case.

II. The defendant moved the court to grant a rehearing of the cause, " for the reason that the court misunderstood the testimony of H. T. Secor, a witness in said cause, or that said witness failed to express himself as he intended to do when a witness on said trial." In connection with this motion was submitted an affidavit of the witness, stating what he intended to testify; but which, however, fails to show that he did not testify as he intended, or that his testimony was not understood by the court.

We have, therefore, no means of determining that the court misunderstood the witness, but, as the motion was overruled, we must presume the contrary to be the fact.

We discover no error in the record.          Affirmed.